[Cite as *State v. Burgin*, 2026-Ohio-2826.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,                :

                         No. 115947

v.                                          :

TREVON BURGIN,                              :

    Defendant-Appellant.               :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** July 23, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-695723-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael Stechschulte, Assistant Prosecuting Attorney, *for appellee.*

Eric M. Levy, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Trevon Burgin ("Burgin") appeals his convictions, claiming that they must be vacated since the trial court did not make certain mandatory advisements when he entered his guilty pleas. The State concedes that the trial court erred when it accepted Burgin's guilty pleas without

advising him of his constitutional rights.  Upon review, we vacate Burgin's convictions and remand the matter for further proceedings.

## I. Facts and Procedural History

{¶ 2}  In October 2024, Burgin was indicted in an eight-count indictment for offenses that occurred between August and September 2024 and involved several victims.  Counts 1 through 4 charged Burgin with felonious assault, second-degree felonies.  Counts 5 and 8 charged him with discharging a firearm on or near prohibited premises, a first-degree felony and fourth-degree misdemeanor, respectively.  Count 6 charged Burgin with improperly handling firearms in a motor vehicle, a fourth-degree felony.  Count 7 charged him with having weapons while under disability, a third-degree felony, and included a forfeiture-of-a-weapon specification.  Counts 1 through 5 also included one-, three-, and five-year firearm specifications while Count 6 carried one- and three-year firearm specifications.  Burgin pleaded not guilty to the indictment.

{¶ 3}  Burgin later retracted his former not-guilty pleas and entered into a plea agreement, whereby Count 1 of the indictment was amended by deletion of the one- and three-year firearm specifications and Counts 3, 4, and 5 were amended by deletion of all firearms specifications.  Burgin pleaded guilty to amended Counts 1 (felonious assault with a five-year firearm specification), 3 and 4 (felonious assault), and 5 (discharging a firearm on or near prohibited premises).  Burgin also pleaded guilty to Count 8 (discharging a firearm on or near prohibited premises) as charged in the indictment.  Counts 2, 6, and 7 were nolled.  As part of the plea agreement,

the parties agreed to recommend that the trial court impose an eight-year prison sentence.

{¶ 4} During the plea hearing, the trial court engaged in a plea colloquy with Burgin and discussed the maximum penalties associated with each count, post-release control, and the Reagan Tokes Act. However, the trial court did not inform Burgin — or determine whether he understood — that by pleading guilty he was waiving his rights to a jury trial, to confront witnesses against him, to compulsory process for obtaining witnesses in his favor, and to require the State to prove his guilt beyond a reasonable doubt at a trial at which he could not be compelled to testify against himself. The trial court accepted Burgin's guilty pleas and later sentenced him to an aggregate minimum prison term of 19 years and a maximum prison term of 24.5 years.

{¶ 5} Burgin appeals, raising two assignments of error for review.

**Assignment of Error No. 1**

The trial court committed reversible error and violated [Burgin's] due process rights when it accepted a guilty plea without advising him of his constitutional rights as required by Crim.R. 11(C)(2)(c).

**Assignment of Error No. 2**

The trial court committed reversible error and violated [Burgin's] due process rights when it accepted a guilty plea with an agreed recommended prison sentence of eight years and failed to advise [Burgin] that the trial court did not have to follow the agreed sentence at the sentencing hearing.

{¶ 6} The State filed a notice of conceded error pertaining to Burgin's first assignment of error. Since this challenge is dispositive, we need not address Burgin's second assignment of error.

## II. Law and Analysis

{¶ 7} In his first assignment of error, Burgin claims that his guilty pleas were not entered knowingly, intelligently, and voluntarily because the trial court completely failed to inform him of any of his constitutional rights. The State agrees that the trial court did not advise Burgin of his constitutional rights and concedes that Burgin's first assignment of error should be sustained. Both parties also agree that Burgin's convictions should be vacated and the matter should be remanded to the trial court for further proceedings.

{¶ 8} As an initial matter we note that "[w]hen a party concedes an error that is dispositive of the appeal, this court conducts its own review of the record to determine whether the concession accurately reflects settled law based on the record presented for review." *State v. Green*, 2024-Ohio-2174, ¶ 1 (8th Dist.)*,* citing *State v. Forbes*, 2022-Ohio-2871, ¶ 2 (8th Dist.), *Cleveland v. Patterson*, 2020-Ohio-1628, ¶ 6 (8th Dist.), and Loc.App.R. 16(B). With that standard of review in mind, we turn to the merits of Burgin's first assignment of error.

{¶ 9} A defendant's plea must be entered knowingly, intelligently, and voluntarily for the plea to be constitutional under the United States and Ohio Constitutions. *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "Ohio Crim.R. 11(C) was adopted in order to facilitate a more accurate determination of the voluntariness

of a defendant's plea by ensuring an adequate record for review." *State v. Nero*, 56 Ohio St.3d 106, 107 (1990). The purpose of Crim.R. 11(C) is to require the trial court to convey certain information to a defendant so that they can make a voluntary and intelligent decision regarding whether to plead guilty or no contest. *State v. Poage*, 2022-Ohio-467, ¶ 9 (8th Dist.), citing *State v. Ballard*, 66 Ohio St.2d 473, 479-480 (1981). Under Crim.R. 11(C)(2), a trial court shall not accept a guilty plea in a felony case without first addressing the defendant personally and doing all the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community-control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty . . . and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 10} To determine whether a guilty plea was entered knowingly, intelligently, and voluntarily, an appellate court conducts a de novo review of the record and examines the totality of the circumstances to determine whether the trial court complied with the rule and adequately advised the defendant of their constitutional and nonconstitutional rights. *State v. Spock*, 2014-Ohio-606, ¶ 7, 9 (8th Dist.). "When a criminal defendant seeks to have his conviction reversed on

appeal, the traditional rule is that he must establish that an error occurred in the trial court proceedings and that he was prejudiced by that error." *State v. Dangler,* 2020-Ohio-2765, ¶ 13, citing *State v. Perry*, 2004-Ohio-297, ¶ 14-15, and *State v. Stewart*, 51 Ohio St.2d 86, 93 (1977); Crim.R. 52. However, a limited exception exists when the trial court fails to explain the constitutional rights waived by the defendant when pleading guilty as outlined in Crim.R. 11(C)(2)(c). *Id.* at ¶ 14, citing *State v. Clark*, 2008-Ohio-3748, ¶ 31, and *State v. Veney,* 2008-Ohio-5200, syllabus. A trial court's complete failure to comply with a portion of Crim.R. 11(C) also eliminates the defendant's burden to show prejudice. *Id.* at ¶ 15, citing *State v. Sarkozy*, 2008-Ohio-509, ¶ 22.

{¶ 11} Here, the trial court did not mention or explain any of the constitutional rights enumerated in Crim.R. 11(C)(2)(c) during Burgin's plea hearing. Indeed, the trial court did not inform Burgin of his rights to a jury trial, to confront witnesses against him, to compulsory process for obtaining witnesses in his favor, and to require the State to prove his guilt beyond a reasonable doubt at a trial at which he could not be compelled to testify against himself. Nor did the trial court determine whether Burgin understood that by pleading guilty he was waiving those rights. Since the trial court did not comply with Crim.R. 11(C)(2)(c), Burgin need not show that he was prejudiced by the error; his pleas could not have been knowingly, intelligently, and voluntarily entered in light of the trial court's omission. Accordingly, Burgin's first assignment of error is sustained, and his second assignment of error is moot.

{¶ 12}  Judgment vacated and case remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  Case remanded to the trial court for further proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

LISA B. FORBES, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR